

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00056-CR

JASON ROBERT ADAMS                                                      APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 1362060D

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Jason Robert Adams of aggravated assault causing serious bodily injury and, after Adams pleaded true to the habitual offender allegation, assessed his punishment at twenty-five years' confinement.

Adams's court-appointed appellate counsel has filed a motion to withdraw and a brief in support of that motion. Counsel avers that in his professional

---

[1]*See* Tex. R. App. P. 47.4.

opinion, the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 87 S. Ct. 1396 (1967). This court informed Adams that he may file a pro se brief, and he did so. The State did not submit a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw*. See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and Adams's pro se brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw, deny as moot Adams's motion for withdrawal and appointment of new counsel, and affirm the trial court's judgment.

/s/ Bill Meier
BILL MEIER
JUSTICE

2

PANEL:  LIVINGTON, C.J.; MEIER and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 29, 2015